UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:15-cr-00025-TWP-VTW |
| JEFFREY KEMP, | ) ) -1 |
| Defendant. | ) ) ) |

**ORDER DENYING SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Jeffrey Kemp's ("Kemp") Motion to Supplement Petition for Relief under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 969.) On September 29, 2023 the Court denied Kemp's prior motion seeking compassionate release under § 603 of the First Step Act of 2018 (Dkt. 955.) For the reasons explained below, the Court considers the supplemental materials, but the request for relief is **DENIED**.

**I.      Background**

In August 2017, a jury found Kemp guilty of Count I: Conspiracy to Commit Robbery; Count 2: Conspiracy to Brandish a Firearm in Furtherance of a Crime of Violence; Count 3: Robbery; and Count 4: Brandishing a Firearm in Furtherance of a Crime of Violence. (Dkt. 574.) The evidence at trial showed that over the summer of 2015, Kemp masterminded a string of eleven armed robberies of mobile phone stores across the Midwest resulting in losses of nearly half a million dollars. Specifically, between June and September 2015, Kemp and his nine co-defendants engaged in a conspiracy to use firearms to rob retail stores in Indiana, Illinois, Iowa, Kentucky, and Missouri. (Dkt. 615 at 10–11.) Kemp was identified as the leader of the conspiracy and provided firearms for the robberies. *Id.* at 11.

Pursuant to the United States Sentencing Guidelines, Kemp faced a guidelines range of 360 months to life imprisonment on counts one through three, and 84 months on Count 4, to be served consecutive to all other counts. *Id.* at 31. The Court sentenced Kemp to a below guideline sentence of 200 months of imprisonment on counts 1 and 3 concurrently, 100 months on count 2, to be served consecutively to counts 1 and 3, and 84 months on count 4, to be served consecutive to all other counts, for a total of 384 months of imprisonment. (Dkt. 618 at 2.) The Bureau of Prisons ("BOP") lists Kemp's anticipated release date (with good-conduct time included) as June 17, 2043. https://www.bop.gov/inmateloc/ (last visited December 18, 2023).

Mr. Kemp has filed his third motion for compassionate release. (Dkt. 969.) In the present Motion, he asserts extraordinary and compelling reasons for compassionate release because (1) his medical conditions are not being treated while inside the BOP and the lack of treatment places his life at risk of his physical and mental health, and render him unable to provide self-care while incarcerated; and (2) a change in the law has created a gross disparity between the sentence he received and the sentence he would receive if he were sentenced today. *Id.* at 1.

The Court has reviewed the Governments Response in Opposition to Kemp's first Motion for Compassionate Release, dkt. 907, and concludes that it can resolve the instant motion without a response from the Government.

## II.     Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad

discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Nov. 1, 2023). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be,

however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Kemp's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6), and Kemp's alleged change in the law is an accurate reflection of actual changes to the law—Kemp has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For this reason, the Court finds that Kemp has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

As for extraordinary and compelling circumstances concerning his health, Kemp explains that his medical conditions are getting worse and are not being adequately treated while he is in BOP. There are cysts on the back of his head, he has been experiencing seizures, muscle spasms joint and muscle pain, and fatigue. Kemp is not receiving medications needed to treat his physical and mental health conditions. The Court assumes, without deciding that Kemp has established that his inability to provide self-care while incarcerated constitutes an extraordinary and compelling reason for compassionate release.

Nevertheless, Kemp is not entitled to compassionate release because at present, the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] The Court weighed the sentencing factors under § 3553 in its denials of Kemp's first and second motions for compassionate release as follows:

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

> Weighing in Kemp's favor under the Court's § 3553(a) analysis, he reports that he has completed many "ACE classes" and written several books while incarcerated. Though Kemp has accumulated four incident reports during his time in BOP custody, none were violent in nature. He further states that he has served as a GED tutor. Kemp has submitted many letters of support from community and family members. When released, he plans to volunteer his time at a community center and take an active role at his local church. He also intends to reconcile with his child's mother and to help raise his daughter's siblings. Kemp states that he will be employed at his wife's hair salon, and he also submitted an additional letter stating that he will be employed as a short order cook. Kemp also hopes to continue publishing his books and to help care for his mother.
>
> Weighing against him, Kemp was the leader in a conspiracy to commit a series of armed robberies during which customers and employees were threatened with weapons. Kemp also has a lengthy criminal history which includes convictions for: manufacturing/delivering controlled substance; theft; and multiple burglaries. When he committed the offenses in this case, Kemp was on parole for one of the burglary convictions. Finally, Kemp has served less than 25% of his sentence and still has more than 21 years remaining before he is scheduled to be released.

(Dkt. 933 at 7-8 (citation omitted).)

Kemp has provided new information in his supplemental petition which the Court has considered. However, as noted in the Court's prior denial of Kemp's for compassionate release, dkt. 966, the Court stated at Kemp's sentencing hearing;

> The nature and circumstances of these offenses are very serious and deserving of significant punishment. Members of this conspiracy entered the victim retail stores pretending to be customers. They would then pull-out handguns and force employees to an area of the store where cell phones and electronic devices were stored. Store employees and customers were often threatened with being killed and firearms were pointed and sometimes placed near their heads. The devices were then loaded into trash bags and hauled out of the store. The defendants would also either take or tamper with surveillance systems in order to prevent their capture. The victims in this case were not only the stores that were robbed, but also the individual employees and, in some cases, customers who were in the stores at the times of the robberies. During the heists in Clarksville, Indiana, and Lexington, Kentucky, the defendants stole wallets, cash, and cell phones belonging to the employees. At the robbery in Bloomington, Illinois, employees were forcibly tied up. The Court heard testimony from several victims regarding the horror they experienced and the long-lasting effects that the robbery had on them. Some employees lost their jobs because they could no longer function in these types of stores; some were still experiencing nightmares—two years late.

5

In light of these considerations, the Court finds that releasing Mr. Kemp early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Kemp's Motion to Supplement Petition for Relief under 18 U.S.C. § 3582(c)(1)(A), dkt. [969], is **DENIED**.

**SO ORDERED.**

Date: 12/27/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey A. Kemp, #16453-029
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@btlaw.com

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov